**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SIMONE JORDAN-EL,

                    Plaintiff,                                    Case Number: 2:06-CV-10431

v.                                                                HONORABLE PAUL D. BORMAN

CORRECTION OFFICER
HARRINGTON and CORRECTION
OFFICER SCOTT,

                    Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL

        This matter is before the Court on Plaintiff's *pro se* civil rights complaint filed

pursuant to 42 U.S.C. § 1983.  Plaintiff, who is currently incarcerated at the Saginaw

Correctional Facility in Freeland, Michigan, alleges that Defendants have violated her

constitutional rights by depriving her of a breakfast meal and seizing a wristwatch.

Plaintiff has paid the filing fee in this action.  The Court shall dismiss Plaintiff's second,

third, and fourth claims, pursuant to 28 U.S.C. § 1915A,[1] because Plaintiff fails to state a

_____

[1]        28 U.S.C. § 1915A provides, in pertinent part:

        (a) Screening. – The court shall review, before docketing, . . . or as
        soon as practicable after docketing, a complaint in a civil action in
        which a prisoner seeks redress from a governmental entity or
        officer or employee of a governmental entity.

        (b) Grounds for dismissal. – On review, the court shall identify
        cognizable claims or dismiss the complaint, or any portion of the
        complaint, if the complaint –

claim upon which relief may be granted with respect to these claims.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), before service in a civil action in which a prisoner seeks redress from an officer or employee of a governmental entity, the Court is required to *sua sponte* identify and dismiss claims which are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(a).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *See* Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986);  Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Brock v. McWherter, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that three of Plaintiff's claims are subject to dismissal under 28 U.S.C. § 1915A(a).

In her complaint, Plaintiff alleges that, on February 7, 2003, Defendants deprived her of her breakfast meal.  She also alleges that Defendants unlawfully seized a wristwatch from her cell.  Plaintiff asserts five claims with respect to the Defendants'

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . .

42 U.S.C. § 1915A.

alleged actions: (1) First Amendment violation; (2) Eighth Amendment violation; (3) violation of Plaintiff's right to be free from egregious abuse of governmental power; (4) violation of her rights under the Equal Protection Clause; and (5) violation of Mich. Comp. Laws § 691.1407(2)(c).

Plaintiff claims that Defendants violated her rights under the Eighth Amendment when they denied her breakfast on February 7, 2003. A single instance of deprivation of a food tray is insufficient to state an Eighth Amendment violation. Miller v. Wertanen, 109 Fed. Appx. 64, 65 (6th Cir. 2004). Therefore, the Court shall dismiss this claim.

Next, Plaintiff claims that the Defendants' seizure of her wristwatch from her cell violated her right to be free from egregious abuse of governmental power because the watch was seized in retaliation for her complaints about the missed breakfast meal. "There are two categories of retaliation claims – general claims or retaliation and claims that allege that an individual was retaliated against for the exercise of specific constitutional rights." Herron v. Harrison, 203 F.3d 410, 414 (6th Cir. 2002). "To state a successful case of general retaliation, a prisoner must establish 'an egregious abuse of governmental power' or behavior that 'shocks the conscience.'" Id. quoting Thaddeus-X v. Blatter, 175 F.3d 378, 387 (6th Cir. 1999). Examples of behavior that satisfy this standard are a prison official issuing death threats against an inmate while holding a cocked pistol to the inmate's head and a prison official physically abusing a prisoner and trumping up false disciplinary charges against her. Id. The allegations contained in Plaintiff's complaint do not allege conduct constituting an "egregious abuse of governmental power." Id. Therefore, the Court shall dismiss this claim.

In her third claim for relief, Plaintiff alleges that Defendants actions violated Plaintiff's rights under the Equal Protection Clause.  An equal protection claim under the Fourteenth Amendment requires a state actor's intentional discrimination because of the plaintiff's membership in a protected class.  <u>McCleskey v. Kemp</u>, 481 U.S. 279, 292 (1987).  Plaintiff does not allege that Defendants' actions were based upon Plaintiff's membership in a protected class.  Therefore, she fails to state a claim upon which relief may be granted.

Accordingly, **IT IS ORDERED** that Plaintiff's second, third, and fourth claims are **DISMISSED**.

Plaintiff paid the full filing fee to commence this action.  Under the Federal Rules she is therefore responsible for effecting service of the summons and complaint in accordance with Federal Rule of Civil Procedure 4(e) or obtaining a waiver of service pursuant to Federal Rule of Civil Procedure 4(d).

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 15, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 15, 2006.

s/Jonie Parker
Case Manager