UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONE JORDAN,

               Plaintiff,             CIVIL ACTION NO. 06-CV-10431

v.                              DISTRICT JUDGE PAUL D. BORMAN

CORRECTION OFFICER        MAGISTRATE JUDGE DONALD A. SCHEER
HARRINGTON, and
CORRECTION OFFICER SCOTT

               Defendants.
_____/


<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>


<u>RECOMMENDATION</u>: The Complaint should be dismissed due to plaintiff's failure to

exhaust available administrative remedies.

*   *   *

Plaintiff, while incarcerated at the Saginaw Correctional Facility, in Freeland,

Michigan,[1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on January 31, 2006,

against the above named defendants, alleging that they had violated his constitutional

rights by depriving him of a breakfast meal and seizing a wristwatch.  Plaintiff asserted five

claims with respect to the Defendants's alleged actions: (1) First Amendment violation; (2)

Eighth Amendment violation; (3) violation of Plaintiff's right to be free from egregious abuse

of government power; (4) violation of his rights under the Equal Protection Clause; and (5)

_____

[1]Plaintiff is currently incarcerated at the Chippewa Correctional Facility in Kincheloe,
Michigan.

violation of Michigan tort law.  Plaintiff sought injunctive relief as well as compensatory and punitive damages.

In an Order of Partial Dismissal, dated March 15, 2003, the Court dismissed Plaintiff's second, third and fourth claims, pursuant to 28 U.S.C. § 1915A, because he failed to state a claim upon which relief may be granted.  The Court, however, allowed the Plaintiff to proceed on the state law tort claim and the single remaining federal claim that the defendants had mistreated him (by denying him a breakfast meal and seizing his wristwatch) because he had filed previous lawsuits and prison grievances against them. The case was referred to the undersigned on May 12, 2006.  For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action.  Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and

2

has also held that the district court should enforce this requirement <u>sua sponte</u>. <u>Brown v. Toombs</u>, 139 F.3d 1102, 1103 (6th Cir. 1998), <u>cert.</u> <u>denied</u>, 525 U.S. 833 (1998).

For a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process. In describing the alleged mistreatment or misconduct, the inmate must demonstrate that his grievance put prison officials on notice of the wrongdoing or mistreatment forming the basis of constitutional claims subsequently asserted in his civil rights complaint. <u>Burton v. Jones</u>, 321 F.3d 569, 575 (6th Cir.2003). As explained by the  court in <u>Burton</u>, "a fair notice standard continues to give state prison officials the first opportunity to respond to a prisoner's allegations of mistreatment or misconduct. <u>Id</u> at 575.  If a district court determines that prison officials have not been given fair notice of the claim being litigated against a defendant, the court will dismiss the claim against that defendant for failure to exhaust. <u>Id</u>.

Plaintiff accused Defendant Harrington of harassing him, but he made no mention, at any step of the grievance process, that he was being mistreated because he had filed a prior lawsuit or grievance against the corrections officer.  Plaintiff filed two grievances against Defendant Harrington.   In the first grievance, dated February 11, 2003 and identified as SLF-03020050919z, he alleged:

> On 2/8/03 while moving from Unit 4 to 5 Unit.  While in the process of moving Officer Harrington requested that tuck my shirt in and I did tuck my shirt in.  However, while in the process of tucking in my shirt I explained that I did not think it would be a problem since I was in the process of moving my property.  The officer Harrington stated it really isn't a problem, and I stated I can't tell and then Officer Harrington took my Casio Watch stating that he took my watch because I opened my mouth and he has the power to do what he want to do and

3

> I suppose to keep my mouth shut. This is not a penological
> reason to take my watch.

In his second grievance against Defendant Harrington, dated February 13, 2003, and

identified as SLF-03020050117a, Plaintiff alleged:

> On 2/7/03, while house in Unit 4 my door was opened for early
> breakfast, when I was coming down the Hallway I was told to
> go back in and was denied breakfast. Because I can't get back
> what has been lost the only resolution is reimbursement.

In his Step II appeal of the grievance, Plaintiff alleged:

> I was denied my meal as was a lot of other prisoners. I heard
> Officer Harrington over the microphone give me a Direct Order
> to go back to my cell which effectively denied me my meal as
> is allowed to all prisoners. I know what happened and it is
> clear that there was no impartial investigation of this matter.

Plaintiff provided no additional information in his Step III appeal of this grievance.

Neither of the two grievances Plaintiff filed against Defendant Harrington alerted

prison officials to an allegation that Harrington had mistreated the Plaintiff because he had

filed a previous lawsuit or grievance against the corrections officer.

The grievance filed by Plaintiff against Defendant Scott also failed to allege that the

corrections officer had mistreated the Plaintiff because he had filed a previous lawsuit or

grievance against her[2] (See Grievance SLF-03020050017a dated February 11, 2003,

attached to Complaint). Since retaliation is a separate form of misconduct or mistreatment,

the Plaintiff was required to give prison officials fair notice of a First Amendment retaliation

claim.

_____

[2]In the grievance, Plaintiff alleged that Defendant Scott unreasonably searched his
cell because the officer believed she "deserved better respect than the way you [plaintiff]
talk to me."

4

Plaintiff has failed to show that he exhausted administrative remedies with respect to his First Amendment retaliation claim because he did not give prison officials fair notice of such misconduct.   As a result, the Complaint should be dismissed on the basis of Plaintiff's failure to exhaust administrative remedies.  <u>Brown v. Toombs</u>, 139 F.3d at 1104; <u>White v. McGinnis</u>, 131 F.3d 593. 595 (6th Cir. 1997).

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

<u>s/Donald A. Scheer</u>
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED:  May 25, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on May 25, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 25, 2006.  **Simone Jordan.**

<u>s/Michael E. Lang</u>
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

5